DECISION AND JOURNAL ENTRY
Appellant Andre Cheers, Jr. appeals from a judgment of conviction and sentence in the Lorain County Court of Common Pleas. This Court affirms in part and reverses in part.
 I.
On July 12, 1998, Cheers struck Reginald Grant twice in the head with a baseball bat. The incident occurred during an argument over a shirt Grant was wearing that Cheers believed belonged to him. Twenty-seven days later Grant died as a result of the injuries he incurred.
Cheers, who was 17 at the time of the incident, was initially charged in the Lorain County Juvenile Court with murder. Pursuant to a motion to relinquish jurisdiction filed by the state under Juv.R. 30, a probable cause hearing was held. The juvenile court granted the motion and the matter was certified to the Lorain County Court of Common Pleas.
Cheers was subsequently indicted by the Lorain County Grand Jury and charged with murder, involuntary manslaughter and felonious assault. Following a trial, the jury rendered a verdict of guilty of both involuntary manslaughter and felonious assault, but not guilty of murder. The trial court initially sentenced Cheers to ten years, the maximum sentence, on the offense of involuntary manslaughter. No sentence was entered regarding the charge of felonious assault, because the parties agreed that it was an allied offense of similar import.
Cheers filed a notice of appeal on May 27, 1999. On June 8, 1999, the trial court attempted to amend its judgment entry of conviction and sentence.[1] In its amended judgment entry, made without notice to either party or the presence of the defendant, the court sentenced Cheers to serve concurrent terms of seven years in prison for felonious assault and ten years in prison for involuntary manslaughter. No reason for doing so was placed upon the record. Thereafter, Cheers filed a motion to amend his Notice of Appeal to refer to the amended judgment entry of June 8, 1999. This Court granted that motion and the matter is now before this Court on direct appeal.
 II.
By his first and second assignments of error, Cheers argues that the trial court erred in resentencing him without his presence and in sentencing him on an allied offense. The appellee has conceded in its brief that the trial court should not have sentenced the appellant on the charge of felonious assault. Accordingly, the first two assignments of error are sustained to that extent and the sentence for felonious assault is hereby reversed.
 III.
Cheers argues by his third assignment of error that the trial court erred in sentencing him to the maximum term for involuntary manslaughter[2] because it did not properly enter findings that support a conclusion that the defendant committed "the worst form of the offense." R.C. 2929.14(C). Cheers argues that a proper consideration of the factors listed in R.C. 2929.12
regarding the seriousness of the conduct as well as the likelihood of the offender's recidivism compel a finding that he should not have received the maximum prison term. The State, for its part, argues that the trial court complied with the Ohio Supreme Court requirements regarding sentencing as recently set forth in Statev. Edmonson (1999), 86 Ohio St.3d 324. This Court agrees.
Having made a finding, pursuant to R.C. 2929.14(C), that the "[d]efendant has committed the worst form of the offense," the trial court was then obligated to "make a finding that gives its reasons for * * * imposing the maximum prison term." R.C.2929.19(B)(2); R.C. 2929.19(B)(2)(d); See Edmonson, supra at 328-329.
The trial court stated its reasons for its findings on the record during the sentencing hearing. The court considered that the victim had no weapon, that he indicated on two occasions that he did not want to fight with the defendant, that Cheers used a baseball bat to strike at the victim, that Cheers specifically reached up to strike the victim in the head rather than the body, that this took an extra effort since the victim was on a step above Cheers at the time and also was slightly taller than the defendant, and that Cheers hit the victim a second time in the head as he was already falling to the ground from the impact of the first strike.
With that, the record convinces us that the trial court engaged in the necessary process to arrive at this finding, including an examination of the R.C. 2929.12 seriousness and recidivism factors as well as other relevant factors, as permitted by the statute. The reasons stated on the record by the trial court support his finding.
Cheers would have us discount the serious physical nature of the harm he caused because involuntary manslaughter necessarily requires the death of the victim. It should be noted that R.C.2929.12(B) directs the review of the sentencing court toward the ultimate question of whether the "offender's conduct is more serious than conduct normally constituting the offense." Cheers' argument ignores the deliberate nature of the offense and the defendant's intention to inflict great pain and physical harm on the victim, as opposed to the incidental and derivative nature of other involuntary manslaughter convictions. Furthermore, none of the factors that would indicate a less serious offense, as set forth in R.C. 2929.12(C), are present. While Cheers stated a belief that the victim was wearing his shirt, thus arguably inducing the offense under R.C. 2929.12 (C)(1), there was no evidence to support that claim and it would not, in any event, justifiably induce the attack the victim endured. By similar reasoning, Cheers can hardly be said to have acted under strong provocation. R.C. 2929.12(C)(2). Additionally, the record reveals behavior directly contrary to the factors of R.C. 2929.12(C)(3) and R.C. 2929.12(C)(4) in that Cheers demonstrated an expectation of causing physical harm and provided no grounds to mitigate his conduct. The trial court specifically referred to Cheers' intent to cause harm by striking at the head, rather than the body and the fact that he ignored the two protestations by the victim that he did not wish to fight with Cheers. Finally, there are no grounds in support of mitigation of defendant's conduct.
Cheers argues that the trial court erred as a matter of law in appearing to compare the seriousness of involuntary manslaughter where the predicate crime is a felony with those situations where the predicate crime may be a misdemeanor. It appears that the trial court merely made a factual statement of what the predicate offense was in the case at bar, and that involuntary manslaughter can alternatively be based upon a misdemeanor as well. In reviewing the record of the sentencing hearing as a whole, we cannot conclude that the trial court relied on this statement in such a way as to cause it to come to an erroneous conclusion.
The trial judge made a thorough statement of his findings and this Court finds them to be supported by the record. Therefore, the trial court did not err in sentencing Cheers to the maximum term of imprisonment for the crime of involuntary manslaughter. The assignment of error is not well taken.
 IV.
By the fourth assignment of error, Cheers argues that the trial court erred in not sentencing him to the minimum term for involuntary manslaughter since this was his first offense. The State, for its part argues that the trial court complied with the Ohio Supreme Court requirements regarding sentencing as recently set forth in Edmonson, 86 Ohio St.3d 324. This Court agrees.
Involuntary manslaughter, in violation of R.C. 2903.04 is a felony of the first degree. See R.C. 2903.04(C). An offender may be sentenced to a prison term of three to ten years for a felony of the first degree. R.C. 2929.14(A)(1). Cheers was sentenced to a prison term of ten years on the charge of involuntary manslaughter.
R.C. 2929.14(B) governs the sentence that may be imposed by a trial court when the defendant is convicted of a felony, a prison sentence is imposed, and the defendant has not previously served a prison term. Under those circumstances, the minimum sentence for the felony offense must be imposed unless the "record of the sentencing hearing * * * reflect[s] that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence."Edmonson, supra at 326.
In the instant case, the trial court has complied with R.C.2929.14(B). At both the sentencing hearing and in the journal entry the trial court found that the minimum term for the conviction would "demean the seriousness of the Defendant's conduct." R.C. 2929.14(B) does not require that the court give its reasons for finding that the seriousness of the offender's conduct will be demeaned. Edmonson, supra at syllabus. Upon review, this Court finds that the trial court did not err by imposing a sentence greater than the minimum term of imprisonment. The fourth assignment of error is overruled.
Accordingly, appellant's sentence for felonious assault is reversed, but his sentence for involuntary manslaughter is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., CARR, J., CONCUR.
[1] This was actually the second amended judgment entry of conviction and sentence. The first amended order was filed on May 18, 1999. The only change that it made from the first order, however, was to add a numeration of the counts.
[2] Since this court has reversed those portions of the June 8, 1999 order which purported to impose a sentence for felonious assault, and since the remainder of that order was merely a cumulative duplication of the sentence previously imposed for involuntary manslaughter, this court treats the proceedings herein as an appeal from the trial court's order of May 14, 1999.